**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 18, 2024

David H. Holloway, Esquire
Shlansky Law Group, LLP
1504 N. Broom Street, Suite 1
Wilmington, Delaware 19806

Jody C. Barillare, Esquire
Amy M. Dudash, Esquire
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801

Christine M. Mackintosh, Esquire
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, Delaware 19801

> RE: *Edward Deane et al. v. Robert J. Maginn, Jr.*
> C.A. No. 2017-0346-LWW

Dear Counsel:

I write regarding the rate of interest applicable to the damages awarded in this long-pending action. On November 1, 2022, I issued a post-trial decision (the "Opinion") finding that defendant Robert J. Maginn, Jr. must pay approximately $25 million in damages to nominal defendant New Media II-B, LLC.[1] I held that the damages were to be distributed to New Media II-B's members pro rata.

Additional disputes followed. On the latest, I issued a January 31, 2024 letter opinion addressing implementation of the damages remedy, including pre-

---

[1] Post-trial Mem. Op. (Dkt. 324); *Deane v. Maginn*, 2022 WL 16557974 (Del. Ch. Nov. 1, 2022).

and post-judgment interest.[2]  Since interest was unbriefed, I endeavored to outline its application but permitted the parties and Special Counsel to "inform me by letter before a final order is entered" if they believed a different approach was apt.[3] I also expressed that the parties—after eight years of litigation—should "be positioned to prepare a final order bringing the trial court stage to a close."[4]

That statement proved optimistic.  The parties disagreed on the form of order, and Maginn raised a new dispute about the interest calculation.[5]  I permitted the parties and Special Counsel to make supplemental submissions.[6]  These submissions concern whether pre-judgment interest should attach and, if so, whether it should be limited.[7]

The submissions also address the odd procedural route through which Maginn's arguments were presented.  Maginn did not, for example, file a motion

---

[2] Letter Op. Regarding Remedy (Dkt. 374).

[3] *Id.* at 11 n.39.

[4] *Id.* at 1.

[5] Dkt. 376.

[6] Dkt. 379; *see also* Dkt. 381.

[7] Def.'s Opening Submission Regarding Pre-J. Interest (Dkt. 382) ("Def.'s Opening Submission"); Pls.' Corrected Br. Regarding Pre- and Post-J. Interest (Dkt. 384) ("Pls.' Submission"); Special Counsel's Submission Regarding Pre-J. Interest (Dkt. 385) ("Special Counsel's Submission"); Def.'s Resp. to Special Counsel's Submission Regarding Pre- and Post-J. Interest (Dkt. 387); Def.'s Resp. to Pl.'s Br. Regarding Pre- and Post-J. Interest (Dkt. 388).

for reconsideration under Court of Chancery Rule 59.[8]  He opted instead to wait a month to raise new arguments about interest through a letter filed with a proposed final order.

Nevertheless, I believe that these issues can appropriately be resolved now. Pre-judgment interest was never fairly presented for decision since none of the parties briefed it.[9]  I raised the matter in my January 31 letter opinion so that the parties could work towards a final order.  I also invited the parties to address any disagreements with the time period for which I calculated interest.[10]  The parties have now had ample opportunity to present their arguments on pre-judgment interest.  I proceed to consider them.

Maginn argues that no pre-judgment interest should apply because I awarded rescissory damages.  Pre-judgment interest on rescissory damages is not awarded

---

[8] *E.g.*, Special Counsel's Submission ¶ 4 (arguing that Maginn's arguments should be rejected as procedurally improper);

[9] *Upfront Enters. v. Kent Cty. Levy Ct.*, 2007 WL 2584946, at *1 (Del. Ch. Aug. 29, 2007) ("Motions for reargument are limited to those contentions fairly presented for decision in the first instance.").

[10] *See supra* note 3 and accompanying text; Dkt. 378 (Maginn raising his interest arguments "pursuant to footnote [39] of this Court's Letter Opinion Regarding Remedy").

as a matter of right.[11]  Nor is it prohibited.  It rests within the discretion of this court.

After considering the arguments of the parties and Special Counsel, I adopt Maginn's position on pre-judgment interest accruing before the Opinion's issuance.  The damages awarded are not based on the value of the relevant securities at the time Maginn usurped the investment opportunity for himself.  They reflect a portion of the appreciated, undiscounted value of the securities at the time of trial.  Maginn will relinquish "the benefit [he] realized" at the expense of New Media II-B and its members.[12]  Adding pre-judgment interest on top risks double counting.

Further, the purposes of pre-judgment interest would be unserved if interest began to accrue in 2013 when the wrongdoing occurred.[13]  Maginn is already

---

[11] *Cf.* 6 *Del. C.* § 2301(d) (requiring pre-judgment interest in "any tort action for compensatory damages" but not addressing rescissory damages); *see also Basho Techs. Holdco B, LLC v. Georgetown Basho Invs., LLC*, 2018 WL 3326693, at *50-51 (Del. Ch. July 6, 2018), *aff'd sub nom. Davenport v. Basho Techs. Holdco B, LLC*, 221 A.3d 100 (Del. 2019).

[12] Post-trial Mem. Op. 52.

[13] *See Salt Meadows Homeowners Ass'n, Inc. v. Zonko Builders, Inc.*, 312 A.3d 195, 203-04 (Del. 2024) ("A pre-judgment interest award serves two purposes – to compensate a plaintiff for the lost use of its money, and to encourage settlement by imposing a cost on defendants for refusing a reasonable settlement offer less than the eventual damage award."); *Citrin v. Int'l Airport Ctrs. LLC*, 922 A.2d 1164, 1167 (Del. Ch. 2006) ("A central purpose of pre-judgment interest is to ensure that a plaintiff to whom payment was owed does not suffer injury by the defendant's unjustified delay.  By requiring the defendant to pay a fair rate of interest during the period of unjustifiable delay, pre-

disgorging the appreciation in value of the shares he wrongfully purchased. Such interest would not compensate the plaintiffs for the lost value of their money. Maginn's funds were used to usurp the opportunity and neither the plaintiffs nor New Media II-B were deprived of their own funds.[14] Pre-judgment interest accruing before trial would also generate a windfall for the plaintiffs and a penalty for Maginn.[15] The $24 million rescissory damages award would swell to nearly $43 million.[16]

I have a different view on interest accruing after the issuance of the Opinion. Maginn argues that no post-trial interest should accrue until his appeal is filed.[17] He insists that the months between entry of the Opinion and (forthcoming) final judgment resulted from the plaintiffs' "efforts to keep the entire judgment for

---

judgment interest helps make the plaintiff more whole, while depriving the defendant of a windfall.").

[14] *See O'Brien v. IAC/Interactive Corp.*, 2010 WL 3385798, at *15-17 (Del. Ch. Aug. 27, 2010) (excluding funds from the pre-judgment interest calculation where the plaintiff's "personal funds" were not "detained during the pendency of th[e] litigation"), *aff'd*, 26 A.3d 174 (Del. 2011).

[15] The plaintiffs argue that Maginn should be penalized for his wrongdoing. *See* Pls.' Submission ¶¶ 17-21. That is, however, the point of the post-trial opinion and associated damages award. To begin pre-judgment interest in 2013 would needlessly punish him while rewarding the plaintiffs for their inordinate delay. *See Ryan v. Tad's Enters., Inc.*, 709 A.2d 682, 705 (Del. Ch. 1996) (declining to award interest that would "constitute an undeserved windfall for the plaintiffs and an unjustified penalty for the defendants"), *aff'd*, 693 A.2d 1082 (Del. 1997).

[16] *See* Def.'s Opening Submission ¶ 1 (making this calculation).

[17] *Id.* ¶ 19.

themselves."[18]   But the plaintiffs were actively litigating a disputed issue.  And they are not the sole cause for delay.  Maginn, for his part, waited a month to raise the arguments about interest that I am presently resolving.[19]

I see no basis to withhold interest for the time between the Opinion and now. Maginn has been able to retain funds—fruits of his wrongdoing—that I determined must be distributed to New Media II-B's members.  Accordingly, pre-judgment interest at the legal rate began to accrue on November 1, 2022 when the Opinion was filed.[20]

The parties are directed to revise the previously filed forms of proposed final order and judgment consistent with this decision.  I ask that they confer on a single proposed order and file it within one week.[21]  To make that process more efficient, they should assume that the final order will be entered within one business day, at which time post-judgment interest will begin to accrue.

---

[18] *Id.*

[19] He also challenged the appointment of the Special Counsel and raised a dispute about the validity of a release signed by New Media II-B members.  *E.g.*, Dkts. 345, 348, 354.

[20] The legal rate of interest is 5% over the Federal Discount Rate.  6 *Del C.* § 2301.  The Federal Discount Rate as of November 1, 2022 was 3.25%.  *See* Nasdaq, *Federal Discount Rate (DISC) Historical Data*, https://www.nasdaq.com/market-activity/fixed-income/disc/historical?page=7&rows_per_page=100&timeline=y5 (last visited June 17, 2024).  As previously outlined, interest will be compounded quarterly.

[21] If they cannot agree in good faith, competing forms of order with a single joint letter outlining the areas of disagreement may be filed.

I trust that this decision will bring the matter to a close.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor